**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Farid Arturo CANIZALEZ–RIVERA,
Defendant–Appellant.**

**No. 05–40050.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 19, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Farid Arturo Canizalez–Rivera appeals the conviction and sentence imposed following his guilty plea to unlawful presence in the United States after having been deported, in violation of 8 U.S.C. § 1326. Canizalez–Rivera contends that his sentence is illegal under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory application of the federal sentencing guidelines. Canizalez–Rivera, thus, alleges a "Fanfan" error. *See United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). In the district court, Canizalez–Rivera objected to his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and the Government concedes that the preserved Fanfan error is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Canizalez–Rivera's sentence. *See Walters,* 418 F.3d at 464; *United States v. Pineiro,* 410 F.3d 282, 284–86 (5th Cir.2005). We therefore VACATE the sentence and REMAND for resentencing in accordance with *Booker.*

Canizalez–Rivera also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Canizalez–Rivera's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Canizalez–Rivera contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Canizalez–Rivera properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.